## (March 24, 1960)

■ HERBERT POHS et al., Appellants, v. TEXTILE REALTY CORPORATION, Respondent.— Order denying temporary injunction to restrain the amendment of defendant's certificate of incorporation, in an action for a declaratory judgment and a permanent injunction, unanimously affirmed, with $20 costs and disbursements to defendant-respondent. At inception, the liquidation of the

defendant salvage corporation was contemplated, but not mandated, both by the Burchill Act (Real Property Law, §§ 119–123) and by the court-approved plan under which the corporation was organized. Thus, defendant's certificate of incorporation restricted its corporate activities to the operation of the mortgaged property and provided for the dissolution of the corporation upon the sale of the premises. Under the plan, the holder of each $1,000 of principal of the old bonds received $600 in principal amount of 6% new bonds, preferred stock having an aggregate redemption value of $400, and Class A common stock. The bonds and Class A stock were issued as a unit, and the shares of Class A stock became transferable only after the bonds to which they related had been paid. Under the plan, shares of Class B common stock were reserved for issuance annually to the managing agent of the premises provided its operation of the property was profitable. Until the retirement of all the new bonds and preferred stock, no dividends were to be paid on any common stock. The issuance of new bonds and of preferred and common stock under this plan supports the conclusion that the Class A common stock, though given in consideration for the old bonds, was not contemplated as a vehicle for recouping any part of the defaulted mortgage debt (cf. *Backer, Inc.*, v. *Textile Realty Corp.* 275 App. Div. 369, 375). The history of this bitterly contested reorganization proceeding indicates that it was intended that the debt was represented dollar for dollar by the new bonds and preferred stock. The Class A common stock was issued as an incident to the new bonds and represented a lively hope, but not a conservative expectation, that something would still remain after the debt would eventually be satisfied. (See *Continental Bank & Trust Co.* v. *W. A. R. Realty Corp.*, 270 App. Div. 577, 580.) The Class A common stock was thus to have the same status in this respect as the Class B common stock which clearly was not to be issued in satisfaction of any part of the defaulted obligation. Through successful operation and the passage of time, all the bonds, and all the preferred stock except that held by those in favor of the opposing amendment of the certificate of incorporation, have been paid or redeemed. Thus, as matters have turned out, the defaulted investment in the premises has been effectively liquidated, at least as to those opposing amendment. This being so, there is no reason now why the certificate of incorporation may not be amended, in accordance with the Stock Corporation Law, to authorize expanded activities and the continuance of corporate life. Since the circumstances under which the amendment of the certificate should be enjoined are lacking, the extreme view urged by defendant that the court lost all jurisdiction under the Burchill Act when defendant took title to the premises need not be determined. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.